MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Blvd., #95
Las Vegas, NV 89102
(702) 870-8700
(702) 870-0034 Fax
Attorney for Plaintiff

RECEIVED AND FILED

FEB 6  3 25 PM '01

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

CARIN R. PFUHL,            )
                           )
      Plaintiff,           )   CV-S-01-0144-RLH-LRL
                           )
vs.                        )
                           )
CHASE MANHATTAN MORTGAGE   )
CORPORATION, a New Jersey  )
corporation, qualified to do )
business in the State of   )
Nevada,                    )
                           )
      Defendant.           )
                           )   SIX PERSON JURY DEMANDED

## COMPLAINT

1. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p. Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### PRELIMINARY STATEMENT

2. The Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C Section 1681 et seq. (hereinafter referred as the "FCRA"). Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

3. Plaintiff is a natural person and is a resident and a citizen of the State of Nevada and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

4. The Defendant, Chase Manhattan Mortgage Corporation, (hereinafter referred to as "User") is a foreign corporation with its principal place of business in New Jersey.

## CAUSE OF ACTION

### Statement of Facts

5. During October, 2000, Plaintiff and Defendant were ensconced in a litigation arising from the April, 1998, death of Plaintiff's father, John O'Toole.

6. The parties were involved in settlement negotiations.

7. On October 7, 2000, in an effort to gain an unfair advantage over Plaintiff, the Defendant illegally accessed Plaintiff's Trans Union LLC Consumer Credit Profile.

8. A copy of the relevant page of Plaintiff's Trans Union LLC Profile, dated January 26, 2001, is attached as Exhibit 1.

9. The referenced inquiry has become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of the Plaintiff.

10. Upon best information and belief, User agreed and represented in its agreements with the various credit reporting agencies that User would request and use consumer reports which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under § 1681b.

. . .

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

2

11. User was required pursuant to FCRA §§ 1681b(f), 1681n and 1681o to refrain from obtaining consumer reports from credit reporting agencies under false pretenses.

12. At no time material hereto did Plaintiff ever have a relationship of any kind with User as defined under FCRA § 1681b(a)(3)(A)-(F).

13. User has never ever been ordered by a court of competent jurisdiction to issue a consumer report pursuant to FCRA § 1681b(a)(1). Plaintiff has never knowingly given written instructions to User to obtain and/or release to a third party a consumer report of which Plaintiff was the subject pursuant to FCRA § 1681b(a)(2).

14. User had an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer reports.

15. Reasonable procedures for users include restricting the ability of its agents to obtain consumer reports on consumers for any impermissible purpose.

16. Upon best information and belief, User's illegal and surreptitious acquisition of Plaintiff's credit reports derived from an interest and priority well beyond the scope of the FCRA.

17. User has, upon best information and belief, compromised its relationship with the various credit reporting agencies in falsifying the basis upon which Plaintiff's report was obtained.

18. User has compromised Plaintiff's access to credit in imparting to past, present and future credit grantors that Plaintiff has applied for credit in tandem with a relationship with User.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

## Statement of Claim

19. Defendant/User willfully and/or negligently violated the provisions of the FCRA in the following respects:

    a.    User has falsely, purposely, surreptitiously and maliciously obtained the Plaintiff's credit reports in violation of FCRA § 1681b(f).

    b.    User has falsely, purposely, surreptitiously and maliciously obtained the Plaintiff's credit reports in violation of FCRA § 1681n.

    c.    User has obtained the Plaintiff's credit reports in violation of FCRA § 1681o.

### PRAYER FOR RELIEF

THEREFORE, Plaintiff prays that the court grant:

    a)    actual damages;

    b)    punitive damages;

. . .

. . .

. . .

. . .

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102

(702) 870-8700

4

c)     attorney's fees; and

e)     costs.

Respectfully submitted,

_____
MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Boulevard
Suite 95
Las Vegas, NV 89102
Attorney for Plaintiff

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102

(702) 870-8700

**EXHIBITS**

```
REPORT ON: PFUHL, KAREN  R.              PAGE   7 OF   8
SOCIAL SECURITY NUMBER: 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
```

ACCOUNT INFORMATION, CONT.

```
  DC729D011
  MACYW/GECCCC              # 578055355530    INSTALLMENT ACCOUNT
                                              CHARGE ACCOUNT
    UPDATED  07/2000  BALANCE:         $0     INDIVIDUAL ACCOUNT
    OPENED   11/1990  MOST OWED:     $653     PAY TERMS: 10 MONTHLY
    CLOSED   08/1996                          CREDIT LIMIT:       $500
    STATUS AS OF 08/1996: PAID OR PAYING AS AGREED
    IN PRIOR 01 MONTH  FROM DATE CLOSED NEVER LATE

  DC729D012
  MACYW/GECCCC              # 572970186830    INSTALLMENT ACCOUNT
  ACCOUNT CLOSED BY CONSUMER                  CHARGE ACCOUNT
    UPDATED  07/2000  BALANCE:         $0     JOINT ACCOUNT
    OPENED   02/1982  MOST OWED:     $832     PAY TERMS: 10 MONTHLY
    CLOSED   06/1996
    STATUS AS OF 06/1996: PAID OR PAYING AS AGREED
    IN PRIOR 01 MONTH  FROM DATE CLOSED NEVER LATE

  BC152B021
  FCNB-SPIEGEL              # 2417151087     REVOLVING ACCOUNT
                                             CHARGE ACCOUNT
    UPDATED  02/2000  BALANCE:      $354     AUTHORIZED ACCOUNT
    OPENED   11/1999  MOST OWED:    $400     CREDIT LIMIT:       $400
    STATUS AS OF 02/2000: PAID OR PAYING AS AGREED
    IN PRIOR 14 MONTHS FROM DATE VERIF'D NEVER LATE
```

THE FOLLOWING COMPANIES HAVE RECEIVED YOUR CREDIT REPORT. THEIR INQUIRIES REMAIN ON YOUR CREDIT REPORT FOR TWO YEARS. (NOTE: TU CONSUMER DISCLOSURE INQUIRIES ARE NOT VIEWED BY CREDITORS.)

```
DATE          INQUIRY TYPE    SUBSCRIBER NAME

01/26/2001    INDIVIDUAL      CONSUMER DISCLOSURE
12/10/2000    JOINT           2901 EXPRESS MORTGAG VIA FACTUAL DATA-NATIONA
 PERMISSIBLE PURPOSE = CREDIT TRANSACTION
10/07/2000    INDIVIDUAL      CHASE MANHATTAN BANK
04/06/2000    INDIVIDUAL      ROBINSONS MAY
02/01/2000    INDIVIDUAL      MBNA AMERICA
10/06/1999    INDIVIDUAL      ALLSTATE PHOENIX
 PERMISSIBLE PURPOSE = INSURANCE UNDERWRITING
```

EXHIBIT 1

File: 34532