MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Blvd., #95
Las Vegas, NV  89102
(702) 870-8700
(702) 870-0034 Fax
Attorney for Plaintiff

RECEIVED AND FILED
Nov 5  11 31 AM '01
LANCE S. WILSON
CLERK
BY _____ mj
    DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

CARIN R. PFUHL,                )
                               )
        Plaintiff,             )
                               )   No. CV-S-01-0144-RLH-LRL
vs.                            )
                               )
CHASE MANHATTAN BANK USA,      )
NATIONAL ASSOCIATION,          )
a national bank,               )
                               )
        Defendant.             )
_____)

**<u>PLAINTIFF'S MOTION TO DISMISS HER AMENDED COMPLAINT
WITHOUT PREJUDICE</u>**

This action was originally filed on February 6, 2001, against Chase Manhattan Mortgage Corporation (CMM). On March 8, an Amended Complaint was filed substituting Chase Manhattan Bank USA, National Association in lieu of the original Defendant.

During October, 2000, Plaintiff and CMM were ensconced in a pointed litigation arising from the April, 1998, death of Plaintiff's father, John O'Toole. The parties were actively involved in settlement negotiations. Counsel for Defendant, Gerald Waite, Esq., represented CMM in the former litigation.

The axis of Plaintiff's claims revolve around her contention that the two entities conspired to gain an unfair advantage over Plaintiff by illegally accessing Plaintiff's Trans

Union, LLC, Credit Profile on October 7, 2000 (Amended Complaint, Ex. 1). The former litigation settled shortly thereafter and Plaintiff emphatically denied, *and continues to deny*, that she ever executed any authorization or credit application giving rise to the Defendant's October 7 acquisition of her Trans Union Credit Profile.[1]

On June 14, Mr. Waite produced a credit application, dated September 26, 2000 (Exhibit 1) which appears to bear Plaintiff's signature. Plaintiff immediately vigorously asserted that the application was a forgery and offered to submit to a handwriting expert/polygrapher. The Defendant has not responded to this proposal.

During Fall, 2000, Plaintiff was employed by Century 21. The application reflected a different entity, Idea, Inc. Plaintiff contends that Idea, Inc., was a company known to Chase, via supplemental documentation submitted in tandem with the original mortgage application *more than 10 years ago*.

What is additionally troubling is the nature of the application. Exhibit 1 invites the applicant to apply for a "platinum" credit line of $100,000.00. Plaintiff's credit history, *to put it **very** politely*, absolutely refutes any possibility of qualifying for this line of credit *at any level*.

---

[1] On October 4, 2001, the Defendant propounded Requests For Admissions and other discovery which attempted to discern whether the application and the signature appearing thereon were indeed "genuine." Plaintiff states for the record that she <u>never</u> signed any such application. In light of the nature of this motion practice, Plaintiff will not formally respond to Defendant's discovery.

2

Consequently, on September 27, 2001, Plaintiff served the very succinct discovery attached as Exhibit 2. Interrogatory No. 1 sought input as to precisely *why* Plaintiff was sent the application in the first instance, and if any information re Plaintiff was provided by any third-party **prior** to the Defendant's October 7, 2000, acquisition of Plaintiff's Trans Union Report. Consonantly, Interrogatory No. 2 queried whether the Defendant had ever had any relationship with Trans Union wherein Trans Union provided it with a "target marketing list."[2] The Defendant has refused to respond to this discovery advising that it is beyond the scope of this litigation.

Exhibit 2 also reflects the two requests for production served upon the Defendant. The First Request is generic and the Second simply requests the Defendant's response to the ostensible application. As noted in the Request itself, Regulation B to the ECOA, 15 U.S.C. § 1691 et seq., requires that the credit grantor provide the consumer a written response containing its ultimate disposition re a tendered credit application and the reasons therefor.[3] The Defendant likewise refused contending that this Request, too, was beyond the scope of this litigation.

---

[2] In Trans Union Corp. v. F.T.C., 245 F.3d 809 (D.C. Cir. 2001), the District of Columbia Circuit specifically ruled that the use of Trans Union's "target marketing lists" constituted impermissible activity under the FCRA.

[3] It is assumed that the Defendant would have indeed denied Plaintiff's application for the $100,000.00 line of credit.

3

Plaintiff will soon move to California. She wishes to further consider her new life. This action has taken on an unforeseen complexity. Upon advice of counsel, Plaintiff requests that this Honorable Court grant her Motion To Dismiss the Amended Complaint Without Prejudice.

Respectfully submitted,

MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Boulevard
Suite 95
Las Vegas, NV  89102
Attorney for Plaintiff

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that service of PLAINTIFF'S MOTION TO DISMISS HER AMENDED COMPLAINT WITHOUT PREJUDICE was made on this 2nd day of November, 2001, by placing a copy thereof in the U.S. Mail, first-class postage fully prepaid to the last known address of:

>GERALD D. WAITE, ESQ.
>3800 Howard Hughes Parkway
>Seventh Floor
>Las Vegas, Nevada  89109
>
>MARTIN J. MURPHY, Esq.
>Legal Department
>The Chase Manhattan Bank
>300 Jericho Quadrangle, 3rd Floor
>Jericho, New York  11753-2705

/s/ Carolyn Jo Summers
Carolyn Jo Summers, an Employee of
MITCHELL D. GLINER, ESQ.

LAW OFFICES
MITCHELL D. GLINER
3017 W. Charleston Blvd.
Suite 95
Las Vegas, Nevada 89102
(702) 870-8700

5

**EXHIBITS**

**Platinum MasterCard**
**Credit Line Up To $100,000**

Offer Expires October 17, 2000

X [signature] 9/26/00
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    9-17-1951

RUTH O'TOOLE
(702) 259-1710   (702) 367-2608
$8,500.00   JOEA, INC
4292 BUTTERFIELD WY. L.V. NV 89103

Karen R. Pfuhl
4292 Butterfield Way
Las Vegas, NV 89103-3105

AE5600967822   1110001702   RT-210356-111

**PLATINUM MASTERCARD BALANCE TRANSFER FORM**

Complete this form today to pay off your outstanding balances at a low APR of just the Prime Rate + 1.65%.
You can transfer one, two, or three balances to your new Platinum MasterCard.

1) Account Number   2) Account Number   3) Account Number

AE5600967822

EXHIBIT 1

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please explicate precisely why Plaintiff was sent the noted application. Please emphasize what criteria was used and what third-parties, if any, provided information re Plaintiff to the Defendant *prior* to the Defendant's acquisition of Plaintiff's report on October 7, 2000, and, if so, exactly what information was provided ("Information" as used above connotes information used by the Defendant to help effect its decision to send Plaintiff the attached application).

### INTERROGATORY NO. 2:

Please indicate as to whether Defendant ever had a relationship with Trans Union wherein Trans Union provided Defendant with "target marketing lists." Please indicate if this relationship was extant on or before September 26, 2000.

### INTERROGATORY NO. 3:

Please explain precisely how the Defendant acquired Plaintiff's address as reflected on the attached application.

### INTERROGATORY NO. 4:

Please elaborate as to what relationship, if any, existed as between Plaintiff and Chase Manhattan Bank, USA, prior to September 26, 2000 (this Interrogatory does not pertain to Chase Manhattan Mortgage Corporation).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

You are hereby requested to produce for inspection and copying at the offices of undersigned counsel on the 30th day following

EXHIBIT 2

service hereof during normal working hours the following in accordance with Rule 34 of the Federal Rules of Civil Procedure:

**REQUEST FOR PRODUCTION NO. 1:** All documents identified or sought to be identified in the foregoing interrogatories or your answers thereto. Please produce any and all documents which relate, pertain to, or evidence the information sought in the foregoing interrogatories.

**REQUEST FOR PRODUCTION NO. 2:** Please provide a copy of the Defendant's response to the attached application. This request reflects the Defendant's 25-month retention requirement under Federal Reserve Board Regulation B (Reg. B, 12 C.F.R. §§ 202.9 and 202.12(b)) to the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 et al.

DATED this 27th day of September, 2001.

MITCHELL D. GLINER, ESQ.

---

MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 West Charleston Boulevard
Suite 95
Las Vegas, Nevada  89102
Attorney for Plaintiff

9